## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                  Criminal No. 08-342 (DWF/JSM)

          Plaintiff,

v.                                                         **ORDER AND MEMORANDUM**

Kristian Sanchez-Valdivia,

          Defendant.

---

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Andrew H. Mohring, Assistant Federal Defender, Federal Defendant's Office, counsel for Defendant.

---

      This matter is before the Court pursuant to the United States' appeal of the release order setting conditions of release for the above-named Defendant filed on November 6, 2008. (Doc. No. 12.) Specifically, the United States has moved the Court for an order revoking the November 6, 2008 Order and for an order detaining the Defendant, alleging that he is a serious flight risk or that he poses a substantial danger to the public if his release is not revoked. The United States has filed a memorandum in support of its position. The Defendant has filed a memorandum opposing the Government's motion for revocation of the November 6, 2008 Order. (Doc. No. 13.)

Based upon the presentations and arguments of counsel, the Court having reviewed the contents of the file in this matter, and being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Pursuant to Rule 46(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3142 and 3145, and the factors set forth in those provisions, the Government's appeal of release order (Doc. No. 12) is **GRANTED**, and the Magistrate Judge's order setting conditions of release (Doc. No. 6) is **REVOKED**. Defendant shall be detained pending trial.

Dated: November 26, 2008         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 Judge of United States District Court

**MEMORANDUM**

As the parties are aware, a magistrate judge's detention order is subject to a *de novo* review by a district court judge. *United States v. Maull*, 773 F.2d 1479 (8th Cir. 1985). On November 5, 2008, the United States filed a complaint, signed by Magistrate Judge Franklin L. Noel charging the Defendant with illegal re-entry after deportation. The advisory guidelines for the new offense are 77 to 96 months.

Pursuant to 18 U.S.C. § 3142, pretrial detention may be ordered upon a clear and convincing showing that release will either result in a danger to the community or pose a serious risk of flight. *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Defendant is a citizen of Mexico. Prior to 2002, he was a lawful permanent resident in the United States. In 2002, he was convicted in the District of Minnesota of possession with intent to distribute marijuana and cocaine. After serving a 20-month sentence, U.S. Immigration and Customs Enforcement ("ICE") deported him to Mexico. The deportation at that time was based on his commission of a federal drug offense, which is an aggravated felony.

At some time subsequent to his deportation, the Defendant illegally re-entered the United States and eventually returned to Minnesota. The United States has asserted that this violated not only federal law pursuant to 8 U.S.C. § 1326(a), but also a special condition of his supervised release that he was not to re-enter the United States illegally. Moreover, upon re-entering, the Defendant did not, as ordered, report to the nearest probation office within 72 hours, which constitutes a separate violation of the conditions of his supervised release.

The United States Probation Office obtained a warrant for the Defendant's arrest upon learning that he had returned to Minnesota in violation of his conditions of supervised release. The Defendant was arrested on the warrant on October 30, 2008, and made his initial appearance before Magistrate Judge Susan Richard Nelson. At that time, the Defendant waived a detention hearing and agreed to be held in the U.S. Marshal's custody pending a final revocation hearing which was later scheduled for November 6, 2008.

In the meantime, ICE became aware that the Defendant had illegally re-entered the United States after deportation. Consequently, the Defendant, as noted above, was charged by complaint for illegal re-entry after deportation on November 5, 2008.

At the detention hearing in this matter, the Government presented testimony from an ICE agent that if the Defendant were to be released on bond, he would be arrested pursuant to the existing ICE detainer based upon his illegal status in the United States and deported immediately pursuant to 8 U.S.C. §§ 1326 and 1331. The Defendant was released on $25,000 unsecured bond on the condition that he reside with his wife at an address in Rochester, Minnesota, and be subject to electronic monitoring.

Upon his being released from the U.S. Marshal's custody, the Defendant was immediately arrested on the ICE detainer. It is the intention of ICE to deport the Defendant to Mexico at the earliest available opportunity. Neither party asserts that ICE has the authority to detain the Defendant in pretrial custody until his criminal case can be heard.

Pursuant to the factors set forth in 18 U.S.C. §§ 3142 and 3145, the Court has ordered the detention of the Defendant. Those factors considered by the Court were as follows:

a. The nature and circumstances of the offense charged. Also, as noted above, the advisory sentence for the case before the Court is 77 to 96 months.

b. The weight of the evidence against the Defendant. There is no dispute that the Defendant is the same person who was deported following his felony drug conviction

and that he thereafter was found in the United States without permission to re-enter which is also a violation of his supervised release conditions on the underlying felony drug conviction.

      c.      The history and characteristics of the Defendant.  The Defendant was released on a $25,000 unsecured bond with the condition that he reside with his wife at an address in Rochester and be subject to electronic monitoring.  Significantly, according to the pretrial service report, Defendant declined to provide information regarding the length of time he was in Mexico prior to returning to the United States.  More significantly to the Court, the Defendant noted he has resided only for the past month with his wife, Tessa Sanchez and daughter, Ceceilia, age 9, at the address in Rochester, Minnesota.  Prior to that time, the Defendant was residing with his sister, Kay Sanchez, in Louisiana, for one year.  Defendant indicates that his mother and brother reside in St. Paul, Minnesota.  The Defendant has denied maintaining much contact with his mother at the present time in light of his current situation.  Pretrial Services talked to Defendant's wife, Ms. Sanchez.  Ms. Sanchez confirmed that because she did not want to be accused of harboring a fugitive, that prior to Defendant's arrest, he had been staying much of the time at a hotel.  In the event the Defendant remains on release, he will be arrested by ICE and there is a substantial likelihood that he will immediately be removed to Mexico, pursuant to the warrant of deportation, with no ability by the United States to require him to stand trial and face the federal charges pending against him.

   d. The Defendant has family ties in the United States, including Minnesota, but has not been residing on a permanent, regular basis with his wife and child in Rochester.

  While the Court declines to find that detention is necessary to ensure the safety of the community, the Court concludes that there is no set of conditions that will ensure the Defendant's future appearance in this Court.  The Court also concludes that the record establishes by clear and convincing evidence that the continued release of the Defendant poses a serious risk of flight.  The Defendant is an illegal alien who has ties to Mexico and it cannot be ignored that the Defendant is facing a substantial sentence, including, as it stands now, an advisory sentence of 77 to 96 months on the illegal re-entry after deportation charge.

  The Court has reviewed the two cases cited from this District, *U.S. v. Blanca Rembao-Renteria*, 07mj399 (JNE/AJB), and *U.S. v. Victor Manuel Molina-Tepozteco*, 07-181 (PJS/SRN).  The Court has also ruled in a similar case, *U.S. v. Beatriz Elena Arellanes*, 08-271(3) (DWF/JJK).  The Court would respectfully distinguish the cases cited by defense counsel.  In *U.S. v. Blanca Rembao-Renteria*, ICE released the defendant for the express purpose of transferring custody of the defendant from ICE to the U.S. Marshal for prosecution on a complaint.  ICE did not take custody of the defendant as they did in the case before the court, pursuant to an ICE detainer.  Moreover, in *Blanca Rembao-Renteria*, the court did not find that the defendant presented a flight risk pursuant to § 3142.  Defendant Rembao-Renteria had eight living children, six of whom were

6

minors, and a husband, all of whom had lived in the same mid-sized Minnesota city for 9 years. In that case, there is no doubt that, in the absence of the immigration issue, there would have been no detention. Such is not the circumstance before this Court.

Further, in *U.S. v. Victor Manual Molina-Tepozteco*, the Court did not reach the § 3142 factors because it invoked 18 U.S.C. § 3142(d)(1)(B) and (d)(2) that states, in pertinent part, that the court, upon deciding that the defendant "is not a citizen of the United States . . . and (2) [the defendant] may flee or pose a danger . . . to the community; [the court] shall order the detention of such person, for a period of not more than ten days . . . and direct the attorney for the Government to notify the appropriate . . . official of the Immigration and Naturalization Service." Consequently, the court did not apply those factors set forth in § 3142 relating to whether the defendant posed a danger or risk of flight. In the case before the Court, a separate provision of § 3142(d) is in play to the extent that, at the time of being charged in the instant offense before the Court, the Defendant was on supervised release for a prior offense pursuant to 18 U.S.C. § 3142(1)(a)(iii).

The Court sympathizes with the dilemma that faced the Magistrate Judge when evaluating the issue of release. Nonetheless, as difficult as these situations can be, it is the Court's view that given the lack of a permanent address; the nature of the circumstances of the offense charged, including the weight of the evidence against the Defendant; the potential sentence that he is facing; the warrant of deportation; that the Defendant declined to provide information regarding the length of time that he has been

in the United States since returning illegally; and that he was living in the State of Louisiana for approximately one year with his sister before coming to Minnesota, the Court finds that the Defendant poses a serious risk of flight and must be detained.

For these reasons, the Court finds and concludes that are no set of conditions that would reasonably assure the appearance of the Defendant at pretrial and trial.

D.W.F.